VAN SANTVOORD and others *v.* ST. JOHN and TOUSEY, 6 Hill, 157.

In S. Ct. 25 Wend. 661.

*Bailment; Common Carrier; Usage of Trade.*

---

☞ An objection was taken, upon the opening of the argument in this case, that as the Supreme Court had reversed the judgment of the New York Common Pleas, and awarded a *venire de novo*, no writ of error would lie in this state of the proceedings. But

The Court of Errors held, that if the judgment of the Common Pleas was right, and the Supreme Court had erroneously reversed it, then notwithstanding the award of a *venire de novo*, the judgment of the Supreme Court should be reversed, and that of the Common Pleas restored, without waiting for a new trial; and that the writ of error was well brought.

THIS was an action to recover the value of a box of goods entrusted to the defendants for transportation. They were engaged in the carrying business on the Hudson river, by means of a line of towboats from New York to Albany, and were not interested in any transportation W. of Albany.

T" ey received on board one of their towboats, from the plaintiffs, a box marked " J. P., Little Falls, Herkimer county," and gave a receipt for it in these words, " Received of J. and T. (the plaintiffs) on board the towboat, &c., (naming it,) a box of merchandize, marked J. P., Little Falls, Herkimer county." It did not appear that the plaintiffs gave any special directions as to the place where the box was to be delivered, nor as to the mode of delivery ; but upon its arrival at Albany, the defendants delivered it safely on board a canal boat belonging to a responsible canal line, whose route lay through Little Falls, this being in accordance with the uniform usage in such cases; and before the canal boat reached Little Falls, the box was broken open and rifled of its contents.

On the trial of the cause in the Common Pleas, the judge allowed the defendants to give in evidence the common usage, as to goods sent by towboats, where there was no connection between them and the canal lines, nor any participation of profits, and charged the jury that the defendants had discharged their duty, if they had carried the goods safely to Albany, and then delivered them to a safe canal line. Upon exceptions and writ of error, the Supreme Court reversed the judgment of the Common Pleas, upon the ground that the general custom could not control the obligation of the contract which was on the face of it, to carry the box to Little Falls, unless the custom was brought home to the knowledge of the owner of the goods.

The Court of Errors reversed the judgment of the Supreme Court, holding that if the owner neglected to inform himself of the usage, it was his own fault, and the loss should fall upon him.

Judgment *reversed,* all the members present voting for reversal.